UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:22-CV-22626

**ROCKY RAFAEL FERNANDEZ NAVARRO,**

**Plaintiff,**

vs.

**SELENIS TECHNOLOGIES LLC,**
et. al.

**Defendants.**
_____/

## ANSWER TO AMENDED COMPLAINT

COME NOW, Defendant, SELENIS TECHNOLOGIES LLC[1] ("SELENIS"), by and through their undersigned attorney, and hereby files its Answer to the Complaint and Affirmative Defenses, and contend as follows:

**Parties, Jurisdiction, and Venue**

1. Admitted that Plaintiff is over the age of 18, all other allegations and inferences in paragraph 1 are denied as without knowledge of.

2. Paragraph 2 is admitted.

3. Paragraph 3 contains allegations against Defendant Valerio Cerron who has now been dismissed as a party to this action per the Court's Paperless Order dated March 2, 2023. [DE 26]. Accordingly, no response is required to Paragraph 3. To the extent that a response is required, it is admitted that Defendant Valerio Cerron is an owner and officer of the Corporate Defendant

---

[1] This Answer is filed solely on behalf of Defendant Selenis and not on behalf of Valerio Cerron and/or Uwe Cerron whom have been dismissed with prejudice as Parties to this action per the Court's Paperless Order dated March 2, 2023. [DE 26]. Defendant Selenis contends that all allegations raised as to Valerio Cerron and Uwe Cerron are moot, do not require a response, and unless otherwise specified herein are denied.

SELENIS and, at various times, made decisions with respect to SELENIS. All other allegations and inferences in Paragraph 3 are denied.

4. Paragraph 4 contains allegations against Defendant Uwe Cerron who has now been dismissed as a party to this action per the Court's Paperless Order dated March 2, 2023. [DE 26]. Accordingly, no response is required to Paragraph 4. To the extent that a response is required, Paragraph 4 is denied.

5. Paragraph 5 sets forth jurisdictional allegations which do not require a response. To the extent a response is required, it is admitted this Court has original jurisdiction over claims arising under the FLSA. All other allegations and inferences raised under Paragraph 5 are denied.

6. Paragraph 6 sets forth allegations relating to venue which do not require a response. To the extent a response is required, it is admitted this is the proper venue for the claims alleged. All other allegations and inferences raised under Paragraph 6 are denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied as without knowledge of.

## Service Attempts

Second Paragraph no. 1[2]. The second Paragraph 1 is denied as without knowledge of.

Second Paragraph no. 2. The second Paragraph 2 is denied as without knowledge of.

Second Paragraph no. 3. The second Paragraph 3 is denied as without knowledge of.

Second Paragraph no. 4. The second Paragraph 4 is denied as without knowledge of.

Second Paragraph no. 5. The second Paragraph 5 is denied as without knowledge of.

Second Paragraph no. 6. The second Paragraph 6 is denied as without knowledge of.

---

[2] The Amended Complaint contains a second set of paragraphs numbered as 1 through 8. They have been identified here as the *Second* Paragraph no. 1, 2,…8.

Second Paragraph no. 7. The second Paragraph 7 is denied as without knowledge of.

Second Paragraph no. 8. The second Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

10. Paragraph 10 is denied as without knowledge of

11. Admitted that Valerio Cerron is the only officer of SELENIS. All other allegations and inferences raised in Paragraph 11 are denied as without knowledge of.

12. Paragraph 12 is denied as without knowledge of Plaintiff's belief.

13. Paragraph 13 is denied as without knowledge of.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

## COUNT I – FLSA MINIMUM WAGE VIOLATIONS

Defendant SELENIS incorporates by reference each and every response in all preceding paragraphs as fully set forth herein, and further contend as follows:

Second Paragraph no. 9[3]. Defendant SELENIS admits, in part, that Plaintiff was initially in employee of SELENIS. The work relationship evolved and Plaintiff ceased working for SELENIS as employee towards the end of the work relationship, and therefore, Defendant denies this paragraph, in part. All other allegations and inferences raised in Second paragraph no. 9 are denied.

Second Paragraph no. 10. Defendant SELENIS admits, in part, that two or more employees handled goods or materials that travelled in interstate commerce during the relevant years of 2019,

---

[3] The Amended Complaint contains a second set of paragraphs numbered as 9 through 15. They have been identified here as the *Second* Paragraph no. 9, 10,…15.

2020, 2021, and 2022. All other allegations and inferences raised in Second paragraph no. 10 are denied.

Second Paragraph no. 11. Defendant SELENIS admits, in part, that it is an enterprise engaged in commerce as defined by the Fair Labor Standards Act (FLSA) for the years 2019 and 2020. Defendant SELENIS denies, in part, that it is an enterprise engaged in commerce as defined by the FLSA in 2021 and 2022. Defendant SELENIS admits, in part, that it provided services of construction of pools to the public. Defendant SELENIS admits, in part, that at least some of the goods and materials used by its employees have moved through interstate commerce during the relevant years of 2019 through 2022. All other allegations and inferences raised in Second paragraph no. 11 are denied.

Second Paragraph no. 12. Defendant SELENIS admits, in part, that it provided services of construction of pools to the public. Defendant SELENIS admits, in part, that at least some of the goods and materials used by its employees have moved through interstate commerce during the relevant years of 2019 through 2022. All other allegations and inferences raised in Second paragraph no. 12 are denied.

Second Paragraph no. 13. Defendant SELENIS admits, in part, that some of its employee(s) used telephones and internet while working for SELENIS during the relevant years of 2019 through 2022. All other allegations and inferences raised in Second paragraph no. 13 are denied.

Second Paragraph no. 14. All allegations and inferences in Second paragraph no. 14 are Denied.

Second Paragraph no. 15. Defendant SELENIS admits, in part, that its gross exceeded $500,000.00 per annum, as defined by the FLSA, in the years 2019 and 2019. Defendant SELENIS denies, in part, that its gross exceeded $500,000.00 per annum, as defined by the FLSA, in the

years 2020 and 2021. Defendant SELENIS denies, in part, that its gross exceeded $500,000.00 per annum for the year 2022 as it has not currently completed its tax forms for the year, and therefore denied as without knowledge thereof. All allegations and inferences in Second paragraph no. 15 are Denied.

16. Defendant SELENIS admits, in part, that Plaintiff was initially in employee of SELENIS. As the Plaintiff and SELENIS continued to work, the work relationship evolved, and Plaintiff ceased working for SELENIS as employee and began working as an independent contractor relationship. Therefore, Defendant denies paragraph 16, in part, that Plaintiff was continuously working as an employee. All other allegations and inferences raised in Second paragraph no. 16 are denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied as without knowledge of.

19. Paragraph 19 is denied.

20. Paragraph 20 is admitted, to the extent that estimation was one of many job duties attributed to Plaintiff.

21. Paragraph 21 is denied.

22. Paragraph 22 is admitted to the extent that Defendant SELENIS does have records that are related to Plaintiff's employment. Paragraph 22 is in all other respects denied as without knowledge of based on the pleading being unclear what specific records it is referring to.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

Defendant denies the unnumbered wherefore clause under Count I, respectfully requests this Honorable Court dismiss this case with prejudice, and grant any other relief this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT
### (Against Selenis Technologies LLC)

Defendant SELENIS incorporates by reference each and every response in above Paragraphs 1 through 8, and due to the lack of clarity in the Amended Complaint, also incorporates by reference each and every response in above *Second* Paragraphs 1 through 8, as fully set forth herein, and further contend as follows:

34. Defendant SELENIS admits that Plaintiff is seeking "pure gap time" wages. All other allegations and inferences raised in Paragraph 34 are denied.

35. Defendant SELENIS admits that Plaintiff received, at various times, the rate of $650.00 per week. All other allegations and inferences raised in Paragraph 35 are denied.

36. Paragraph 36 is denied. Defendant SELENIS denies the existence of any contract/agreement for work. Notwithstanding Plaintiff did perform some, but not all, tasks required.

37. Paragraph 37 is denied.

38.     Paragraph 38 is denied.

Defendant denies the unnumbered wherefore clause under Count II, respectfully requests this Honorable Court dismiss this case with prejudice, award reasonable attorney's fees and costs to Defendant SELENIS as the prevailing party under Fla. Stat. §448.08, and grant any other relief this Court deems just and proper.

**COUNT IV[4]: UNJUST ENRICHMENT**
**(Against Selenis Technologies LLC)**

Defendant SELENIS incorporates by reference each and every response in above Paragraphs 1 through 8, and due to the lack of clarity in the Amended Complaint, also incorporates by reference each and every response in above *Second* Paragraphs 1 through 8, as fully set forth herein, and further contend as follows:

39.     Defendant SELENIS admits that Plaintiff is seeking "pure gap time" wages. All other allegations and inferences raised in Paragraph 39 are denied.

40.     Defendant SELENIS admits that, at various times, Plaintiff performed labor and services for Defendant SELENIS. Defendant SELENIS denies that Plaintiff provided any unpaid labor or services. All other allegations and inferences raised in Paragraph 40 are denied.

41.     Defendant SELENIS admits that, at various times, Plaintiff performed labor and services for Defendant SELENIS. Defendant SELENIS denies that Plaintiff provided any unpaid labor or services. All other allegations and inferences raised in Paragraph 41 are denied.

---

[4] The Amended Complaint does not include a Count III and the identified third count is mislabeled as Count IV. The third count is referred in the Answer as Count IV in order to maintain clarity and consistency.

42.     Defendant SELENIS admits that, at various times, Plaintiff performed labor and services for Defendant SELENIS. Defendant SELENIS denies that Plaintiff provided any unpaid labor or services. All other allegations and inferences raised in Paragraph 42 are denied.

43.     Paragraph 43 is denied.

Defendant denies the unnumbered wherefore clause under Count IV (the third count of the Amended Complaint), respectfully requests this Honorable Court dismiss this case with prejudice, award reasonable attorney's fees and costs to Defendant SELENIS as the prevailing party under Fla. Stat. §448.08, and grant any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendant SELENIS' actions were in good faith, and they had reasonable grounds for believing that they were in compliance with the FLSA.

2.      Count I is barred, in part or in whole, by the applicable statute of limitation as any alleged violation were not willful and Defendant SELENIS reasonably believed it was in compliance with the law.

3.      Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred by the applicable statute of limitations as provided by Florida state law.

4.      Count I is barred and/or limited as Plaintiff provided services to Defendant SELENIS as an independent contractor during the latter period of their work relationship with the Defendant. Based upon information and belief, Plaintiff worked for competitors while he alleges to have worked for SELENIS. Plaintiff is in the best position to identify other work or labor actualized during the same time period he alleges to have worked for Defendant SELENIS.

5. Count I is barred or limited by 29 C.F.R. § 785.47, the *de minimis* doctrine.

6. Under Count I, Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

7. Plaintiff is not entitled to compensation for any time spent walking, riding or traveling to and from the actual place of performance of their duties which occurred either prior to the commencement or subsequent to the termination of any particular workday.

8. Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendant SELENIS' actual or constructive knowledge.

9. Any claim by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, partial overtime payments, loans, compensatory time off, or other job-related benefits paid or provided to Plaintiff, which Plaintiff received and was not otherwise entitled to..

10. Plaintiff is entitled to compensation for any break and/or meal periods which were at least thirty (30) minutes in duration and during which they were relieved of their duties.

11. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred by the doctrine of *in pari delicto*.

12. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred by the doctrines of waiver, estoppel, and/or laches.

13. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred by the doctrines of unclean hands.

14. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred to the extent a void, voidable, and/or otherwise unenforceable contract/understanding for the payment of wages existed.

15. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred or otherwise limited as Plaintiff failed to mitigate his damages and must be accordingly reduced.

16. Plaintiff's second and third count (identified in the Amended Complaint as Counts II and IV) are barred by Defendant's consent which was obtained by fraud, coercion and/or duress.

17. Plaintiff cannot simultaneously recover for an action at law and in equity.

18. Plaintiff is required to elect his remedy prior to trial.

Dated: March 8, 2023

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
North Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

## Certificate of Service

I hereby certify that a true and correct copy of Defendant's Answer to Amended Complaint was sent via CM/ECF to: Brian Pollock, Esq., Toussaint Cummings, Esq. FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, on this 8th day of March, 2023.

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561