**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:22-CV-22626**

**ROCKY RAFAEL FERNANDEZ NAVARRO,**

**Plaintiff,**

vs.

**SELENIS TECHNOLOGIES LLC,**
et. al.

**Defendants.**
_____/

**RESPONSE TO STATEMENT OF CLAIM**

COME NOW, Defendant, SELENIS TECHNOLOGIES LLC, by and through their undersigned attorney, and hereby files its Response to the Statement of Claim, and states as follows:

1. Defendant Selenis denies that Plaintiff is entitled to any wages, or that his attorneys are entitled to any fees and costs.

2. Plaintiff incorrectly seeks to combine remedies in its Statement of Claim in order to artificially increase the total awardable damages. However, the FLSA does not provide for a mechanism of "gap time" as Plaintiff implies. Albeit some Courts are conflicted as to whether the FLSA permits a "gap time" theory, the Courts which do permit the claim to go forward, do so with the understanding that Plaintiff is pleading in the *alternative,* rather than conclusively recognize the theory under the FLSA. Accordingly, Plaintiff cannot simultaneously maintain a claim for "gap time" and federal minimum wages. Addressing these claims separately significantly reduces Plaintiff's claim.

3. Plaintiff has alleged in his complaint a Count I for federal minimum wages, Count II for Breach of Contract, and Count IV for unjust enrichment (the complaint does not contain a Count III). Plaintiff claims that he worked 40 hours per week, that he was not paid anything for 32 weeks, and that he was promised to be paid $650/week.

4. Assuming, *arguendo*, all facts stated in the complaint are true, the maximum recover under Count I, federal minimum wages is:

- $7.25 x 40 hours = $290.00;
- $290/week x 32 weeks = $9,280;
- $9,280 x 2 (liquidated damages) = $18,560.00 (assuming liquidated damages are awarded).

5. Plaintiff pleads in the *alternative,* under a theory of Breach of Contract and Unjust Enrichment. Assuming, *arguendo*, all facts stated in the complaint are true, the maximum recovery for *either* a Breach of Contract or Unjust Enrichment is as follows:

- 28 weeks x $650 = $18,200.00[1]

6. Defendant dispute the hours claimed as Plaintiff did not entirely work the hours claimed, worked these hours without actual or constructive knowledge of the Defendant, misled the Defendant by claiming to work hours that he did not actually work, and was providing services for other companies at times he was claiming that he worked for the Defendant.

7. In brief, Defendant does not believe that Plaintiff is owed any wages, liquidated damages, or attorneys fees and costs. However, to the extent that any wages are owed, the correct calculations are provided in paragraphs no. 4 and 5 of this Response.

---

1. Of importance to note here, the Plaintiff is not entitled to any liquidated damages upon a breach of contract or unjust enrichment claim.

8. Plaintiff is not entitled to liquidated damages as Defendant Selenis at all times material hereto acted in good faith and had a reasonable belief they were in compliance with the FLSA.

9. Plaintiff's attorneys fees and costs contain records which are not compensable, including having attempted to serve Defendant at addresses which are not associated with him, attempts to serve Defendants that have been dismissed, and multiple filings to the Court to correct clerical errors within their control as referred to by the docket which could have been avoided.

Dated: March 17, 2023

Respectfully Submitted,

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

## Certificate of Service

I hereby certify that a true and correct copy of Defendant's Response to Statement of Claim was sent via CM/ECF to: Brian Pollock, Esq., Toussaint Cummings, Esq. FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, on this 17th day of March, 2023.

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561