**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 1:22-CV-22626**

**ROCKY RAFAEL FERNANDEZ NAVARRO,**

**Plaintiff,**

vs.

**SELENIS TECHNOLOGIES LLC,**
et. al.

**Defendants.**
_____/

**DEFENDANT SELENIS' RESPONSE TO MOTION TO COMPEL DEFENDANT'S PARTICIPATION IN RULE 26(F) CONFERENCE OR TO PERMIT DISCOVERY TO COMMENCE IN THE ALTERNATIVE**

COME NOW, Defendant, SELENIS TECHNOLOGIES LLC ("SELENIS"), by and through their undersigned attorney, and hereby files its Response to the Plaintiff's Motion to Compel Discovery and states as follows:

1. This is a Fair Labor Standards (FLSA) action whereby claims unpaid minimum wages. In the alternative, Plaintiff pleads the state causes of action of breach of contract and unjust enrichment seeking the same alleged unpaid hours.

2. The FLSA contains a fee shifting provision which provides that a Defendant will often be held liable for the Plaintiff's fees upon a settlement or judgment in favor of Plaintiff.

3. Plaintiff initially filed the action against SELENIS, and Valerio Cerron and Uwe Cerron. Plaintiff has contended several times before this court, as in the present motion, that Valerio Cerron and Uwe Cerron have evaded service. Plaintiff makes these allegations without any purpose and can be quickly dismissed by the Court as irrelevant and mooted by the Court's March 2, 2023 Order, dismissing Defendants V-Cerron and U-Cerron with prejudice. [D.E. 26].

**1** of **7**

4. Plaintiff now seeks to conduct early discovery.

## The Parties Agreed that Discovery was Premature

5. Federal Rule of Procedure 26(d)(1) requires that a party conduct a Rule 26(f) conference prior to serving written discovery.

6. A Rule 26(f) Conference has not been conducted in this matter.

7. On April 4, 2023, Plaintiff attempted to serve written discovery on Defendant.

8. On April 5, 2023, Defendant wrote to Plaintiff:

Toussaint,

I've received Interrogatories, Admissions, and Req for Production in this matter in two emails.

Discovery is premature as the parties have not conducted a 26f conference. Discovery is premature under 26d1. The court has required us to conduct the 26f conference and file a scheduling report in the even [event] that we dont settle the case. **It appears that it is the court's intention to wait until after the settlement conference to reduce fees on both sides. Will you agree to withdraw the discovery for right now, and re-served upon the conference**?

[Redacted – Settlement Discussions]

Exhibit A [Emphasis Added].

9. On April 5, 2023, Plaintiff responded:

Hello Isaac,

**You are correct** about the discovery prior to the 26f conference; that is my oversight. Yes, **I will withdraw the discovery** so just ignore it for now. **Hopefully we can get this case resolved at the conference**.

Thank you,
Toussaint Cummings, Esq.

Exhibit A [Emphasis Added].

10. Thus, Plaintiff previously agreed that Defendant was correct. However, now takes a markedly different approach.

**The Court's August 19, 2022 Order requires a Joint Scheduling Report
after the completion of the Settlement Conference**

11. On August 19, 2022, the Court issued its Notice of Court Practices of FLSA cases, which undersigned is familiar as a standard issued order in all similar FLSA cases. [D.E. 4]. The Order requires the parties to exchange initial disclosures, schedule and appear at a settlement conference. The Order continues that "[i]f no settlement is reached, the Parties shall file a Joint Scheduling Report within fourteen (14) days after the Settlement Conference. *Id*. [Emphasis Added].

12. The Parties are scheduled to participate in the Settlement Conference on May 1, 2023. [D.E. 33].

13. The meaning, purpose and intent of the Court's August 19 Order is clear. The Parties should not burden themselves with incurring unnecessary fees in advance of the Settlement Conference. The Settlement Conference is always scheduled at the inception of the case upon appearance of Defendants' counsel. Further, the parties are required to file the discovery plan only upon the case *not settling*.

14. Defendant is not flatly opposing the conducting of a Rule 26(f) conference as Plaintiff indicates. Quite the opposite, it was the Defendant that brought to Plaintiff's attention that a Rule 26(f) conference was necessary as stated in the April 5 email. Exhibit A. However, Defendant contends that it is more appropriate to conduct the Rule 26(f) conference *after* the Settlement Conference should the case *not settle*. This approach is consistent with the Court's August 19 Order requiring the Joint Scheduling Report in the event the case does not settle.

15. Plaintiff initially agreed that discovery was premature Exhibit A. However, Plaintiff now contends that resolution is unlikely and the parties should proceed with discovery. [D.E. 35, ¶25]. It is unclear what has led to this change in position. Regardless, the Defendant

disagrees with this new approach. Plaintiff's approach of early discovery serves only to unnecessarily increase fees before the Conference. The effect of fees is doubled when considering the undersigned is charging the Defendant an hourly rate for the work performed, as well as Defendant will be called to pay the Plaintiff's fees upon a settlement (as permitted by the FLSA fee shifting provision). The Plaintiff's concern of having completed discovery before a mediation is easily addressed by the forthcoming requirement to schedule a private mediation, upon which the parties will have the ability to schedule at the conclusion of discovery.

16.     Nevertheless, Defendant remains optimistic that the Parties will be able to resolve the matter at the Settlement Conference. While Defendant does not have the gift of precognition of what will actually take place at the Conference, the Parties owe a duty to their clients and the Court to provide their best opportunity to resolve this matter. This opportunity best presents itself only when fees are maintained low (due to the one-sided fee shifting provision in FLSA cases). Even if the parties have not been unable to resolve before the settlement conference (thus far), this does not preclude the possibility of resolving at the settlement conference.

## No Good Cause Exists to Grant the Motion

17.     Plaintiff cites a single case, *Reiterman v. Abid*, 2019 WL 6114945, for the proposition that the Court may allow early discovery for good cause. Defendant does not dispute the Court's authority to allow for early discovery under the good cause standard. However, the facts germane to this matter are measurably difference than those heard in *Reiterman.*

18.     In *Reiterman*, the Plaintiff had been unable to effectuate service of the Defendant due to Plaintiff not being able to locate the Defendant. Plaintiff filed a motion to take the deposition of Defendant's mother for the limited purposes of locating the Defendant. Plaintiff sought relief after having made multiple attempts to directly serve the Defendant. *Id*. The Court in *Reitterman*

found "Good cause exists when the parties establish "a clear connection between the discovery sought and the alleged potential harm." *Id.* citing *Hospitalists Mgmt. Group, LLC v. Florida Medical Affiliates, Inc.*, No. 2:14–cv–242–FtM–38DNF, 2014 WL 2565675, at *1 (M.D. Fla. June 6, 2014).

19. The Courts have consistently found the good cause standard to exist where the location and/or identity of a party needs to be identified before the case may proceed. *Poplar Oaks, Inc. v. Doe*, No. 14-24566-CIV-WILLIAMS/SIMONTON, at *3 (S.D. Fla. Jan. 20, 2015) (finding good cause to allow a Rule 45 subpoena to order an ISP to disclose the identity of a John Doe Defendant); *See also Good Man Prods., Inc. v. Doe*, No. 14-24561-CIV-WILLIAMS/SIMONTON, at *3 (S.D. Fla. Dec. 12, 2014).

20. There are no similar concerns about the identity or location of the Defendant here.

21. Rather, Plaintiff contends that discovery is more likely to result in a settlement. However, even if Plaintiff were to be correct in its assertion. The actions taken will fail to meet its goal. Plaintiff served his discovery on April 4, 2023. Assuming the discovery had been properly served after a Rule 26(f) conference, then the earliest date that discovery would be due is May 4, three days after the Settlement Conference. Thus, Plaintiff would not be receiving the discovery prior to the Settlement Conference. Moreover, Defendant would still be saddled with the fees of gathering and reviewing documents prior to the Settlement Conference in preparation for a timely response.

22. Here, Plaintiff has failed to articulate a good cause basis to grant early discovery. Plaintiff has failed to present any potential harm which may be caused if early discovery is not granted. Quite the opposite, there is greater harm caused by the granting of the motion and allowing

early discovery. This only serves to drive up fees prior to the settlement conference, in an FLSA matter which carries a fee shifting provision.

## **The Motion will be Rendered Moot (A Practical Argument)**

The Settlement Conference is imminent. The Parties will have likely conducted the Settlement Conference by the time this motion is fully briefed, and the parties will have either resolved the matter (rendering the issue moot) or the case has not resolved (requiring compliance with the Court's August 19 Order requiring a Rule 26(f) conference). In either case, the relief sought will be rendered moot.

Plaintiff agreed to wait on discovery until after the settlement conference. Exhibit A. For the arguments raised in this Response, Defendant respectfully requests that the Court deny the Motion and grant any other relief it deems just and proper.

Dated: April 26, 2023

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
North Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

**Certificate of Service**

I hereby certify that a true and correct copy of Defendant's Answer to Amended Complaint was sent via CM/ECF to: Brian Pollock, Esq., Toussaint Cummings, Esq. FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, on this 26th day of April, 2023.

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561