# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

**SELENIS TECHNOLOGIES LLC,** including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns (hereinafter referred to as "SELENIS or "Defendant"), and **ROCKY RAFAEL FERNANDEZ NAVARRO,** including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff") (collectively, the "Parties") for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the parties unconditionally and mutually release and discharge each other, their successors, assigns, agents, shareholders, owners, managers, officers, and directors (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which each party now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with, Plaintiff's alleged employment with, or the separation of his alleged employment with, the Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. The claims, demands, liabilities, and causes of action being mutually released and discharged by the Parties herein include, but are not limited to all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit styled <u>ROCKY RAFAEL FERNANDEZ NAVARRO vs. SELENIS TECHNOLOGIES LLC,</u> Case No.: 20-22626-CIV-MOORE/LOUIS pending before the U.S. District Court for the Southern District of Florida.

2. **Settlement Amount, Attorney's Fees and Costs.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for a total of Twenty-Three Thousand Five Hundred Dollars and no Cents ($23,500.00) to be paid according to the following installment plan:

| Installment number | Amount | Date to be paid by |
|---|---|---|
| 1st Installment | $7,500.00 | On or before 21 days from the date of Court Approval |
| 2nd Installment | $3,200.00 | On or before 51 days from the date of Court Approval |

DIAZ_____ SELENIS\_\_vc_____

| 3rd Installment | $3,200.00 | On or before 81 days from the date of Court Approval |
|---|---|---|
| 4th Installment | $3,200.00 | On or before 111 days from the date of Court Approval |
| 5th Installment | $3,200.00 | On or before 141 days from the date of Court Approval |
| 6th Installment | $3,200.00 | On or before 171 days from the date of Court Approval |

From the settlement proceeds, Plaintiff NAVARRO shall receive the sum of $12,750 as payment for unpaid minimum wages, breach of contract, liquidated damages, commissions, or any other damages that Plaintiff was or may have been entitled to; and Plaintiff's counsel shall receive the sum of $10,000.00 as fees and $750 as costs incurred in this litigation. The Defendant will pay this amount in six (6) monthly installments as follows:

a. Defendant shall deliver the first installment of $7,500.00 within 21 days of the Court's approval of this Agreement in the following manner:

   i. One check in the gross amount of $2,854.15 payable to ROCKY RAFAEL FERNANDEZ NAVARRO, for back wages (from which taxes and withholdings shall be deducted by Defendants) and a W-2 shall issue to Plaintiff;

   ii. One check in the net amount of $2,854.15 payable to ROCKY RAFAEL FERNANDEZ NAVARRO for which a W-9 shall issue to Plaintiff.

   iii. One check in the gross amount of $1,791.70 payable to FAIRLAW FIRM for attorneys' fees and costs due to Plaintiff and payable to his counsel.

b. Defendants shall make five (5) further installment payments consecutively and in equal installments of $3,200.00 every thirty (30) days consecutively after the first installment described above as follows:

   i. One check in the gross amount of $704.17 payable to ROCKY RAFAEL FERNANDEZ NAVARRO, for back wages (from which taxes and withholdings shall be deducted by Defendants) and a W-2 shall issue to Plaintiff;

   ii. One check in the net amount of $704.17 payable to ROCKY RAFAEL FERNANDEZ NAVARRO for which a W-9 shall issue to Plaintiff.

   iii. One check in the gross amount of $1,791.66 payable to FAIRLAW FIRM for attorneys' fees and costs due to Plaintiff and payable to his counsel.

c. The payments set forth above shall be issued to the FairLaw Firm, ATTN: Toussaint Cummings, Esq., at 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146 via any delivery method within the times prescribed in paragraphs (a) – (d).

3. **Default Provision**: Should Defendant fail to make payments of the settlement funds within the times mentioned in the schedule in paragraph 2 of this agreement, or if the checks are returned for insufficient funds, Plaintiff's counsel shall give written notice via Email to Isaac Mamane, Esq. at Mamane@gmail.com, after which Defendant will have 10 days from the notice to cure said breach. In the event Defendant fails to cure said breach within 10 days of the notice, Plaintiff shall be entitled to seek a default judgment against Selenis Technologies LLC in the amount of Twenty-Three Thousand Five Hundred Dollars and no Cents ($23,500.00) less a credit for payments received by Plaintiff.

4. **Covenant of Confidentiality.** The Parties agree that the terms and conditions of this Agreement are strictly confidential and, with the exception of a Parties' spouse, counsel, accountant, pursuant to a subpoena, to enforce this contract, or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval by Defendant. Plaintiff agrees that he will not contact any current or former employee of the Defendant to discuss his litigation, claims, and/or the settlement of his claims. Plaintiff further agrees that, to the extent possible, the parties will attempt to seek court approval without filing the Agreement publicly on the docket.

5. **No Re-Hire**: Plaintiff hereby agrees and recognizes: (a) that Plaintiff's work with Defendant has ended and Plaintiff will not re-apply for or otherwise seek employment or contracted services with Defendant or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendant have no obligation to employ, hire, reinstate or otherwise engage Plaintiff in the future.  Plaintiff further agrees and recognizes that if Plaintiff applies and/or is hired by Defendant or its affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiff's employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendant in denying Plaintiff employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3). However, should the Defendant acquire or become affiliated with any entity or facility that employs Plaintiff at the time of the acquisition or affiliation, Plaintiff will have the same rights as any other employee and not be required to resign.

6. **Non-Admission Clause.** By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

7. **Mutual Non-Disparaging Remarks and Neutral Reference**. The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will either Party make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendant will only provide dates of employment, and/or positions held, and/or rates of pay and will not make any reference to this lawsuit or to Plaintiff's claim for overtime/minimum wages.

8. **Acknowledgement of Receipt of All Wages Due**. Plaintiff acknowledges that he has been paid all wages owed to him as of the date of execution of this Agreement and that he is not entitled to any minimum wages, overtime payments, commissions, contracted services, vacation time pay, or other amounts above and beyond the amounts paid per this agreement.

9. **Affirmations**. Plaintiff affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement and General Release. Plaintiff furthermore affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

10. **Successors and Assigns**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. The Parties' expressly warrant that the Parties have not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

11. **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

12. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. The Parties, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. **Dismissal**: Within 7 calendar days of Plaintiff signing this agreement, the parties will cause to be filed in the pending cause of action any documents which will become necessary to seek approval of this agreement and seek dismissal of the matter with prejudice.

14. **Severability.** Should the Court not approve this settlement agreement, the parties agree that the entire settlement agreement is null and void**.** If after the Court approves this settlement agreement there is a dispute between the parties where one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

NAVARRO_____                                                                              SELENIS_vc_____

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Return or Destruction of Trade Secret(s).** Trade Secret(s) are defined as all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, that are not generally known and/or ascertainable by the general public. Trade Secret(s) includes, but is not limited to, all customer lists, pricing, quotes, estimates, memoranda, notes, records, reports, photographs, drawings, plans, papers, formula, pattern, compilation, program, device, method, technique, or processes which have generated by SELENIS by any means. Upon executing this Agreement, Plaintiff agrees not to use any of Selenis' Trade Secrets. Within seven (7) days of executing this Settlement Agreement, Plaintiff agrees to return any Trade Secret(s) which have been provided to him during the scope of his work with Selenis and/or irretrievably destroy any Trade Secret(s) within his possession, custody, or control.

17. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, has had the agreement translated into a language that Plaintiff understands (if necessary), and completely understands the provisions of this Agreement, that Plaintiff has consulted with his attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

**AGREED TO BY THE PARTIES BELOW:**

By: *Rocky Fernandez*
Rocky Fernandez (Jun 8, 2023 20:25 EDT)
**ROCKY RAFAEL FERNANDEZ NAVARRO**

Date: **Jun 8, 2023**

By: _____
**SELENIS TECHNOLOGIES LLC,** signed by Valerio Cerron in his representative capacity

Date: _____

15.     **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16.     **Return or Destruction of Trade Secret(s)**. Trade Secret(s) are defined as all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, that are not generally known and/or ascertainable by the general public. Trade Secret(s) includes, but is not limited to, all customer lists, pricing, quotes, estimates, memoranda, notes, records, reports, photographs, drawings, plans, papers, formula, pattern, compilation, program, device, method, technique, or processes which have generated by SELENIS by any means. Upon executing this Agreement, Plaintiff agrees not to use any of Selenis' Trade Secrets. Within seven (7) days of executing this Settlement Agreement, Plaintiff agrees to return any Trade Secret(s) which have been provided to him during the scope of his work with Selenis and/or irretrievably destroy any Trade Secret(s) within his possession, custody, or control.

17.     **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, has had the agreement translated into a language that Plaintiff understands (if necessary), and completely understands the provisions of this Agreement, that Plaintiff has consulted with his attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

18.     **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

AGREED TO BY THE PARTIES BELOW:

By:_____    By:_____
ROCKY RAFAEL FERNANDEZ NAVARRO    SELENIS TECHNOLOGIES LLC, signed by Valerio Cerron in his representative capacity

Date: _____    Date:     06/14/2023