UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22626-LOUIS

ROCKY RAFAEL
FERNANDEZ NAVARRO,

    Plaintiff,

v.

SELENIS TECHNOLOGIES LLC, *et al.*,

    Defendants.
_____ /

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Rocky Rafael Fernandez Navarro's Motion for Entry of Final Judgment. (ECF No. 45). Defendant Selenis Technologies LLC filed a Response (ECF No. 46), to which Plaintiff filed a Reply (ECF No. 47). On May 3, 2023, after the Parties settled this dispute at a settlement conference before the undersigned and upon the consent of the Parties, the case was referred to the undersigned for all further proceedings including to order the entry of final judgment, by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636(c) and Magistrate Judge Rule 1(h) of the Local Rules of the Southern District of Florida. (ECF Nos. 40, 41). Because the Court is without jurisdiction over the dispute, Plaintiff's Motion is **DENIED**, and this case remains **CLOSED**.

**I.**  **BACKGROUND**

Plaintiff Rocky Rafael Fernandez Navarro initiated this action against Defendants Selenis Technologies LLC, Valerio Cerron, and Uwe Cerron in this Court on August 18, 2022, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, in addition to claims

1

for breach of contract and unjust enrichment.[1]  (ECF No. 1).  On May 1, 2023, the Parties settled their dispute in full at a settlement conference before the undersigned.  (ECF No. 39).  Accordingly, the Parties were instructed to file a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a).  (ECF No. 42).

On May 26, 2023, the Parties filed their Joint Stipulation for Rule 41 Voluntary Dismissal with Prejudice (ECF No. 43), therein agreeing to the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The Parties did not request that the Court retain jurisdiction to enforce the Parties' settlement agreement.

On May 30, 2023, the Court entered an Order dismissing this action with prejudice and closing this case in accordance with the Parties' Joint Stipulation.  (ECF No. 44).  Plaintiff now moves the Court to enter a final judgment against Defendant Selenis Technologies LLC for breaching the Parties' settlement agreement.

## II.    DISCUSSION

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Federal courts are courts of limited jurisdiction.  While Plaintiff here assumes that the Court has jurisdiction over the Motion, it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction.  *See, e.g.*, *id.* at 381–82 (holding

---

[1] On March 2, 2023 upon a *sua sponte* review of the record, the District Court dismissed this action with prejudice as against Defendants Valerio Cerron and Uwe Cerron, for failure to timely perfect service of process.  (ECF No. 26).

that the district court could not enforce the parties' settlement agreement because the court's order of dismissal did not reserve jurisdiction to do so).  The law since *Kokkonen* has been clear that a district court is divested of jurisdiction upon entry of an order of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), unless the court specifically retains jurisdiction over the dispute in the order of dismissal.  *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (internal citation omitted) ("It is undoubtedly true that all parties must consent to the retention of jurisdiction over the enforcement of a settlement agreement if the case is dismissed by stipulation of all parties, but that agreement alone is not sufficient.  The district court must also issue an order specifically retaining jurisdiction in accordance with *Kokkonen* because ancillary jurisdiction allows a district court to effectuate its orders, not to enforce stipulations."); *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017) (finding court was without jurisdiction to enforce the terms of parties' settlement agreement, even if they consent).

  The Parties in this case did not consent in their Joint Stipulation to the Court retaining jurisdiction to enforce the terms of the Parties' settlement agreement, and thus the Court did not enter an order retaining jurisdiction.  *Cf. Anago Franchising*, 677 F.3d at 1280 ("We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.").

Accordingly, this Court lacks jurisdiction to enforce the terms of the Parties settlement agreement.[2]

### III. CONCLUSION

Based on the foregoing, Plaintiff Rocky Rafael Fernandez Navarro's Motion for Entry of Final Judgment (ECF No. 45) is **DENIED** for lack of jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of September, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record

---

[2] Plaintiff is not without recourse, as he may still file a new civil action in a court of competent jurisdiction.